DOUGLAS M. COSTLE, COMMISSIONER OF
ENVIRONMENTAL PROTECTION *v.*
MEADOW HAVEN, INC.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 188367

Memorandum filed April 22, 1975

*Robert K. Killian,* attorney general, and *Richard F. Webb,* assistant attorney general, for the plaintiff.

*Griglun & DeFrances,* for the defendant.

WRIGHT, J. The plaintiff commissioner asks this court to enjoin the defendant from maintaining a potential source of pollution.

The defendant demurs to the complaint for the following reasons: "The complaint relies on a penal statute which is void because it is unreasonable and is not sufficiently explicit to inform those subject to it as to what conduct on their part will render them liable to its penalties."

The plaintiff bases his authority to make pollution abatement orders on General Statutes § 25-54k, which provides: "If the commissioner finds that any person is maintaining any facility or condition

which reasonably can be expected to create a source of pollution to the waters of the state, he may issue an order to such person maintaining such facility or condition to take the necessary steps to correct such potential source of pollution. Any person who receives an order pursuant to this section shall have the right to a hearing and an appeal in the same manner as is provided in sections 25-54o and 25-54p. If the commissioner finds that the recipient of any such order fails to comply therewith, he may request the attorney general to bring an action in the superior court for Hartford county to enjoin such person from maintaining such potential source of pollution to the waters of the state. All actions brought by the attorney general pursuant to the provisions of this section shall have precedence in the order of trial as provided in section 52-191."

The order is attached to the complaint as an exhibit. Its preface recites the words of the statute and the plaintiff's conclusion that a pollution problem existed. Part 1 contains instructions as to how to comply with the order.

While it is true that an indictment which is based on an unconstitutional statute may be demurred to, the situation is somewhat different when an administrative order is involved. Cf. 21 Am. Jur. 2d, Criminal Law, § 464. That a statute delegating some discretion to an administrative agency may be less certain than a penal statute is not fatal to the former's constitutionality. The statute in question contains sufficiently definite standards to satisfy the constitution. See General Statutes § 25-54k; cf. 2 Am. Jur. 2d, Administrative Law, § 462.

The further question is whether the order, which in itself must be constitutionally certain, is vague. The legislature delegated certain discretion to the department of environmental protection to deter-

mine and correct potential sources of pollution. Whether the department abused that discretion is to be determined by a statutory appellate procedure. General Statutes § 25-54p. Of that, the defendant did not choose to avail itself. Likewise, it did not request an opportunity to be heard on the issuance of the order. General Statutes § 25-54o.

The commissioner must wait for all appellate rights to be exhausted or waived prior to seeking enforcement by injunction. See General Statutes § 25-54n. In this case it is alleged that they were waived. The defendant had a potential source of relief under the provisions of General Statutes § 25-54p. That course was not elected.

Consequently, it is determined that the statute and order, which are attached to the complaint and may be considered on demurrer, are not void for vagueness. Also, it is determined that there are sufficient allegations in the complaint on which to bring the present action. General Statutes § 25-54n.

In addition, while the defendant speaks of a "penal statute" which is allegedly unreasonable and not sufficiently explicit, in the present suit the state is not seeking criminal penalties but is asking for an injunction.

Wherefore, the demurrer to the complaint is overruled.